NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
CBD & SONS, LTD.,                   :
                                    :    Case No. 3:18-cv-4276-BRM-DEA
                Plaintiff,          :
                                    :
       v.                           :
                                    :
                                    :    **OPINION**
                                    :
RICHARD SETTEDUCATI, SHORE          :
LENDING GROUP, LLC, GMH             :
MORTGAGE SERVICES, LLC,             :
CHARLES A. LIBERTI, RAYMOND         :
R. MILLER, SR., and BLUE RIBBON     :
APPRAISALS, LLC,                    :
                                    :
                Defendants.         :
_____ :

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Plaintiff CBD & Sons, Ltd.'s ("Plaintiff" or "CBD") Motion for a Certificate of Appealability pursuant to Federal Rule of Civil Procedure 54(b) to certify as a final judgment the portion of this Court's Opinion and Order dated January 31, 2019 (the "Order") dismissing this action against Defendants Charles A. Liberti ("Liberti"), Raymond R. Miller, Sr. ("Miller") and Blue Ribbon Appraisals, LLC ("Blue Ribbon," and, together with Liberti and Miller, the "Blue Ribbon Defendants") or, in the alternative, to sever the claims against the Blue Ribbon Defendants and transfer them to the U.S. District Court for the District of Connecticut, pursuant to Fed. R. Civ. P. 21 and 28 U.S.C. § 1631. (ECF No. 46.) The Blue Ribbon Defendants oppose the Motion. (ECF No. 47.) CBD filed a Reply. (ECF No. 48.) Having reviewed the submissions filed in connection with the motion and having declined to hold oral argument

pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause shown, CBD's Motion for a Certificate of Appealability is **GRANTED**.

I. PROCEDURAL AND FACTUAL BACKGROUND

A. Factual Background

Because the Court writes for the parties, the Court refers to and adopts the complete recitation of the facts of this matter contained in this Court's Opinion of January 31, 2019. (ECF No. 30 at 3-7.)

B. Procedural History

On March 27, 2018, CBD filed a Complaint (the "Complaint") before this Court asserting fraud against Defendant Richard Setteducati ("Setteducati"), GMH Mortgage Services, LLC, ("GMH") and Shore Lending Group, LLC ("Shore Lending") (collectively, the "GMH Defendants") (Count One), breach of fiduciary duty against the GMH Defendants and the Blue Ribbon Defendants (Count Two), unjust enrichment against all Defendants (Count Three), breach of contract against all Defendants (Count Four), a violation of the New Jersey Consumer Fraud Act ("NJCFA") against all Defendants (Count Five), negligence against the Blue Ribbon Defendants (Count Six), and professional malpractice against the Blue Ribbon Defendants (Count Seven). (*See* Complaint (ECF No. 1).)[1]

On June 4, 2018, the Blue Ribbon Defendants filed a Motion to Dismiss each cause of action asserted against them, arguing the Court lacked personal jurisdiction over them and that

---

[1] In November 2017, prior to the filing of the Complaint before this Court, CBD filed an identical action against these Defendants in the United States District Court, Eastern District of New York. (ECF No. 21-8, Ex. 8.) Thereafter, Defendants moved to dismiss arguing, *inter alia*, that jurisdiction and venue were improper in the Eastern District of New York. (*Id.*) CBD subsequently dismissed its complaint in the Eastern District of New York without prejudice and re-filed this Complaint. (*Id.*)

venue in New Jersey was improper. (ECF No. 20.) Concurrently, the GMH Defendants filed a Motion to Dismiss asserting a lack of subject-matter jurisdiction and that the Complaint failed to state a cause of action upon which relief can be granted. (ECF No. 21.) On June 5, 2018, Defendant Setteducati filed an Answer to the Complaint. (ECF No. 22.)

In its January 2019 Opinion, this Court granted the Motion to Dismiss the Blue Ribbon Defendants for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 4(k), while granting in part and denying in part the GMH Defendants' Motion to Dismiss. (ECF No. 30.) As a result of that Opinion, Counts Two (Breach of Fiduciary Duty) and Three (Unjust Enrichment) were dismissed as to all defendants, while Counts Six (Negligence) and Seven (Malpractice) were dismissed against the Blue Ribbon Defendants, leaving only Counts One (Fraud), Four (Breach of Contract), and Five (Consumer Fraud Act) remaining and the GMH Defendants as the only defendants extent. (*See* Order (ECF No. 31).)

On February 28, 2019, CBD filed a Notice of Appeal of that decision to the United States Court of Appeals for the Third Circuit. (ECF No. 34.) CBD represents in its Brief in Support of the Motion that the Third Circuit issued an order on March 6, 2019 noting that the Order appealed from "does not dismiss all claims as to all parties and has not been certified under Fed. R. Civ. P. 54(b)." (ECF No. 46-1 at 4.) The Third Circuit dismissed the appeal in late May 2019 citing CBD's "failure to file case-opening forms." (ECF No. 39.) This Motion followed in August 2019. (ECF No. 46.)

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 54(b)

Generally, an Order terminating fewer than all claims or all defendants "does not constitute a 'final' order" required to confer jurisdiction over the matter on a United States Court of Appeal.

3

*Elliott v. Archdiocese of New York*, 682 F. 3d 213, 219 (3d. Cir. 2012) (citing *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 431–32, 76 S. Ct. 895, 897–98, 100 L.Ed. 1297 (1956); *Carter v. City of Phila.,* 181 F. 3d 339, 343 (3d Cir. 1999). But, pursuant to Federal Rule of Civil Procedure 54, "a district court may convert an order adjudicating less than an entire action to the end that it becomes a 'final' decision over which a court of appeals may exercise jurisdiction under 28 U.S.C. § 1291." *Id.*

Rule 54 provides, in pertinent part:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

The Supreme Court has set out a two-step process for district courts to follow in making determinations pursuant to Rule 54. First, a "district court must determine that it is dealing with a 'final judgment.'" *Curtiss–Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 7, 100 S. Ct. 1460, 64 L.Ed.2d 1 (1980). By final judgment, the Supreme Court means "[i]t must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* (quoting *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 76 S. Ct. 895, 100 L.Ed. 1297 (1956)). Upon a finding of finality, "the district court must then determine whether there is 'any just reason for delay.'" *Id.* at 8. An order that "purports to certify a judgment as final

4

under Rule 54(b)" but lacks this express determination about the "just reason for delay" prong required by the Rule will deprive a court of appeal of jurisdiction "because it is not a 'final' judgment under either Rule 54(b) or under the traditional standards of 28 U.S.C. § 1291." *Archdiocese of New York*, 682 F. 3d at 221.

In the Third Circuit, "Rule 54(b) does not require that a district court use the talismanic phrase 'there is no just reason for delay.'" *Archdiocese of New York*, 682 F. 3d at 225. Rather, a district court "may state that it has determined expressly that 'there is no just reason for delay' using those precise words, or it may paraphrase or use language 'of an indisputably similar effect,' so long as the district court's order clearly contains the "express" determination Rule 54(b) requires." *Id.* (quoting *Berckeley Inv. Group, Ltd. v. Colkitt*, 259 F. 3d 135, 141 (3d Cir. 2001).)

The Supreme Court cautions that "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Id.* Indeed, final-judgment certification under Rule 54(b) is the exception, not the rule, to the usual course of proceedings in a district court. *Archdiocese of New York*, 682 F.3d at 220. "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal. *Id.* The guiding principal for district courts to consider is "the interest of sound judicial administration." *Id.*

The Third Circuit has held that the "classic definition of a 'final decision' is one that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Eisai Inc. v. Zurich American Ins. Co.*, No. 12–7208, 2015 WL 113372, at *4 (D.N.J. 2015) (citing *Morton Int'l, Inc. v. A.E. Staley Mfg. Co.,* 460 F. 3d 470, 476 (3d Cir. 2006) (quoting *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 712, 116 S. Ct. 1712, 135 L.Ed.2d 1 (1996)). This finality requirement "is often described as serving 'the important purpose of promoting efficient judicial

5

administration.'" *Weber v. McGrogan*, 939 F. 3d 232, 236 (3d. Cir. 2019) (citing *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374, 101 S. Ct. 669, 66 L.Ed.2d 571 (1981).

However, "the question of what constitutes a 'claim' for purposes of Rule 54(b) is nowhere precisely defined." *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 999 (D.N.J. 1996) (citing *Sussex Drug Products v. Kanasco, Ltd.,* 920 F.2d 1150 (3d Cir. 1990). Indeed, one court observed that the process of drawing a line determining when a court has decided one of several claims or a single claim is "obscure," while the Third Circuit has stated, "uncertainty is the rule." S*ee Tolson v. U.S.*, 732 F.2d 998, 1001, 235 U.S. App. D.C. 396, 399 (D.C. Cir. 1984) (quoting 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2657, at 60–61 (2d ed. 1983); *see also Sussex Drug Products,* 920 F.2d at 1154).)

For example, "an order dismissing a complaint without prejudice is not a final and appealable order, unless the plaintiff no longer can amend the complaint because, for example, the statute of limitations has run, or the plaintiff has elected to stand on the complaint." *Morton Intern.*, 460 F.3d at 477 (citing *Newark Branch, N.A.A.C.P. v. Town of Harrison,* 907 F. 2d 1408, 1416–17 (3d Cir. 1990) (internal citations and footnotes omitted); *see also Fed. Home Loan Mortgage Corp. v. Scottsdale Ins. Co.,* 316 F. 3d 431, 438–40 (3d Cir. 2003) ("Given the strong policy against piecemeal litigation that underlies the finality requirement of § 1291, we have adhered consistently to the general rule that we lack appellate jurisdiction over partial adjudications when certain of the claims before the district court have been dismissed *without prejudice.*") (emphasis added) (citing *Erie County Retirees Ass'n v. County of Erie,* 220 F. 3d 193, 201 (3d Cir. 2000)); *Ahmed v. Dragovich,* 297 F. 3d 201, 207 (3d Cir. 2002) (holding that a dismissal without prejudice is considered final where the applicable statute of limitations would not permit the refiling of a claim); *Tiernan v. Devoe,* 923 F. 2d 1024, 1031 (3d Cir. 1991) (noting that an order of dismissal

6

without prejudice is not a final, appealable order unless and until the party seeking relief disavows any intention to reinstitute the litigation).

The burden rests with the moving party to overcome the normal rule that "no appeal be heard until the entire ease is completed." *Wärtsilä NSD North America, Inc. v. Hill International, Inc.*, No. 99–4565, 2004 WL 7339760, at *2 (D.N.J., 2004) (citing *In re National Smelting of New Jersey, Inc. Bondholders Litig.*, 695 F. Supp. 796, 797 (D.N.J. 1988).

**III. DECISION**

CBD argues the Motion should be granted because an immediate appeal of this Court's January 2019 Order "promotes judicial efficiency and conserves the parties' resources by allowing the merits of all claims to be tried in a single proceeding." (*See* Pl.'s Br. in Supp. of Mot. (ECF No. 46-1) at 1.) CBD contends the two prongs of the Supreme Court's *Curtiss-Wright* test have been satisfied because the January 2019 Order was a final judgment as to the Blue Ribbon Defendants, in that the Order dismissed all of CBD's claims against them, while there is no just reason for delay. (*Id.* at 4-7.)

CBD cites *Bush v. Adams* for the proposition that "an order dismissing one or more defendants for lack of personal jurisdiction is 'final' within the meaning of Rule 54(b) 'because it is an ultimate disposition of the claims against the dismissed defendant[s] in the court issuing the order.'" (ECF No. 46-1 at 5-6 (quoting *Bush v. Adams*, 629 F. Supp. 2d 468, 472 (E.D. Pa. 2009); also citing *Dayhoff Inc. v. HJ Heinz Co.*, 86 F. 3d 1287, 1303 (3d Cir. 1996) (reversing dismissal of defendant for lack of personal jurisdiction after Rule 54(b) certification); and *Henry Heide, Inc. v. WRH Products Co. Inc.*, 766 F. 2d 105, 107, 108 (3d Cir. 1985) (upholding finding of personal jurisdiction in appeal brought pursuant to Rule 54(b))).)

7

CBD then contends the five *Berckeley Inv. Group Ltd. v. Colkitt* factors to consider when determining whether there is a just reason for delay all weigh in favor of an immediate appeal of the order. (*Id.* at 6 (citing *Berckeley*, 455 F. 3d 195, 203 (3d Cir. 2006).) The *Berckeley* factors are:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Berckeley*, 455 F. 3d at 203 (quoting *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F. 2d 360, 364 (3d Cir. 1975) (abrogated on other grounds by *Curtiss-Wright*, 446 U.S. at 9)). CBD argues these factors weigh in favor of an immediate appeal, as the "jurisdictional issues related to the Blue Ribbon Defendants are entirely distinct from the unadjudicated claims, there is no risk that the jurisdictional question would be mooted later, or that the appeals court would be faced with the jurisdictional question a second time," while immediate appeal "promotes judicial efficiency, because 'a binding determination of legal issues can be achieved in the same proceeding, without the risk of inconsistent results in two different courts.'" (*Id.* at 6 (quoting *Freeplay Music, Inc. v. Cox Radio, Inc.*, No. 04-5238, 2005 WL 2464571, at *2 (S.D.N.Y. Oct. 5, 2005). CBD quotes *Bush v. Adams* for the observation that "[c]ourts have routinely entered judgment under Rule 54(b) in multidefendant cases where some but not all defendants are dismissed for want of personal jurisdiction." (*Id.* at 7 (quoting *Bush v. Adams*, 629 F. Supp. 2d at 472) (citing *Freeplay Music*, 2005 WL 2464571, at *2; *Animale Group Inc. v. Sunny's Perfume, Inc.*, No. 07-13, 2007 WL 2010476 at *1 (S.D. Tex. July 5, 2007); *Grand River Enterprises Six Nations. Ltd. v. Pryor*, No. 02-5068, 2004 WL 2480433, at *2 (S.D.N.Y. Nov. 3, 2004), *aff'd*, 425

F. 3d 158 (2d Cir. 2005) (noting that where personal jurisdiction is contested, granting certification "better serves judicial economy in the event of a reversal")).)

The Blue Ribbon Defendants counter that CBD cannot meet the finality requirement because "a single set of interrelated facts, even though it supports several causes of action, will usually constitute only a single claim." (Defs.' Br. in Opp. to Mot. (ECF No. 47) at 10 (citing *Kapossy v. McGraw-Hill, Inc.,* 942 F. Supp. 996, 1000 (D.N.J. 1996.) The Blue Ribbon Defendants contend CBD even admits the unadjudicated, pending claims "overlap" the adjudicated claims. (*Id.* at 11 (citing ECF No. 46-1 at 7 ("[I]f certification is not granted, CBD is faced with a dilemma: it must either commence a separate litigation in another forum now, and litigate the two overlapping claims simultaneously, or it must wait until resolution of the claims against the GMH Defendants have been resolved, then proceed with its appeal of the jurisdictional question, and only then address the merits of the clams against the Blue Ribbon Defendants in this or another court.")).) The Blue Ribbon Defendants argue the "'facts' and allegations which form the basis of the claims against Blue Ribbon Appraisals *also* form the basis of several claims and/or causes of action against both Setteducati and the GMH Defendants." (*Id.* (citing ECF No. 1 ¶¶ 112-22, 124-26, 128-37, 139-44).) As a result, the Blue Ribbon Defendants argue, there is "only a 'single' claim under clear Third Circuit precedent and militate against a certification of the Order." (*Id.*)

The Blue Ribbon Defendants also argue CBD cannot meet the "no just reason for delay" requirement. (*Id.* at 7.) As an initial matter, the Blue Ribbon Defendants contend, this litigation already has been marked by delays, beginning when CBD filed its initial action in U.S. District Court for the District of New York in November 2017. (*Id.* at 8.) The Blue Ribbon Defendants note that action was voluntarily dismissed in March 2018 and refiled that same month in this Court. (*Id.*) And, the Blue Ribbon Defendants observe, it was CBD that delayed adjudication of this

litigation further by filing a Notice of Appeal of the January 2019 Order in February 2019, only to have that Appeal dismissed by the Third Circuit after CBD failed to file case-opening forms.[2] (*Id.* (*see also* Certified Order of USCA (ECF No. 39)).) Moreover, the Blue Ribbon Defendants argue, CBD again delayed the litigation by waiting three months after the Third Circuit's dismissal before filing this Motion. (*Id.*). It is clear from CBD's actions in this litigation, the Blue Ribbon Defendants contend, that the "urgency that would justify certification under Rule 54(b) does not exist."

Finally, the Blue Ribbon Defendants argue that certifying the January 2019 Order to enable CBD to again appeal to the Third Circuit the dismissal of the Blue Ribbon Defendants likely would significantly delay proceeding in this action further, prejudicing the GMH Defendants. (*Id.* at 9.)

CBD replies that the Blue Ribbon Defendants "overlook the overwhelming weight of judicial authority finding not only that dismissals for lack of personal jurisdiction are 'final' judgments that may be certified for appeal under Rule 54(b), but also that such dismissals should be certified to promote efficient resolution of the issues at stake." (*See* Pl.'s Reply (ECF No. 48) at 1.) More pointedly, CBD argues the Blue Ribbon Defendants "cite no cases finding that a dismissal for lack of personal jurisdiction was not "final" for purposes of Rule 54(b)," while the cases Defendants do cite "undermine their own argument." Specifically, CBD says the Third Circuit in *Allegheny County Sanitary Auth. v. U.S. E.P.A.*, cited by Defendants for the proposition that "separate counts considered to be one claim due to the counts having the same factual basis,"

---

[2] In a footnote, the Blue Ribbon Defendants contend the Third Circuit had the inherent authority to hear CBD's appeal even in the wake of the forms defect and address any jurisdictional questions *sua sponte*. (ECF No. 47 at 8 n.1 (citing *Vooys v. Bentley*, 901 F.3d 172, 175 (3d Cir. 2018) *cert. denied,* 139 S. Ct. 1600, 203 L.Ed. 2d 755 (2019) (quoting *Chicot Cty. Drainage Dist. v. Baxter State Bank,* 308 U.S. 371, 376 (1940)).) The Court declines to interpret the Third Circuit's failure to take up this issue in CBD's appeal as favoring or disfavoring this Motion.

actually "found that Rule 54(b) certification was properly granted where 'the order of the district court to dismiss all claims against [certain] defendants left nothing to be decided as to those parties." (*Id.* at 3 (citing *Allegheny*, 732 F. 2d 1167, 1172 (3d Cir. 1984)).)

CBD's arguments are persuasive.

To begin, in suits involving multiple claims or parties, the general principal is that no appeal will be heard until entire case has been completed, and that courts should not routinely grant final judgment as to one or more but fewer than all claims or parties. *MCT Shipping Corp. v. Sabet*, 497 F. Supp. 1078, 1083 (S.D.N.Y. 1980) (citing 10 Wright & Miller, Federal Practice and Procedure § 2659 (1973).) Indeed, the Supreme Court has instructed that certification of case for immediate appeal "should be reserved for the infrequent harsh case." *Curtiss-Wright*, 100 S. Ct. 1460, 1463, 446 U.S. 1, 5 (1980). While district courts have the "sound judicial discretion" to determine the "appropriate time when each final decision in a multiclaims action is ready for appeal," *id.* at 1465, the Third Circuit instructs district courts to be "conservative" in invoking Rule 54(b) "because if an aggrieved party appeals following the certification, the district court effectively will be electing to control the docket of a court of appeals." *Gerardi v. Pelullo*, 16 F. 3d 1363, 1372 (3d Cir. 1994). The Third Circuit also counsels against Rule 54 certification where "the entire recovery the plaintiff originally sought still [can be] awarded under the remaining count[s]." *Id.* at 1371.

The essence of CBD's Complaint is that CBD was injured by actions "arising out of appraisals performed, prepared and completed" by the Blue Ribbon Defendants and assisted by the GMH Defendants. (ECF No. 1 ¶ 1.) The Blue Ribbon Defendants were named as co-defendants in Counts Two (Breach of Fiduciary Duty), Three (Unjust Enrichment), Four (Breach of Contract), and Five (New Jersey Consumer Fraud Act), and as the only defendants facing Counts Six

11

(Negligence) and Seven (Malpractice). (*Id.*) The January 2019 Order dismissed the Blue Ribbon Defendants as the sole defendants in Counts Six and Seven, and as co-Defendants in Counts Two, Three, Four and Five. (*See* Order (ECF No. 31).) As a result of that Order, Counts Two and Three were dismissed as to all defendants, while Counts Six and Seven were dismissed against the Blue Ribbon Defendants, leaving only Counts One (Fraud), Four, and Five remaining and the GMH Defendants as the only defendants extent. (*Id.*)

CBD argues the January 2019 Order qualifies as a final judgment as contemplated by Rule 54 because it dismissed all claims against the Blue Ribbon Defendants. The Court observes that while the January 2019 Order granted the Blue Ribbon Defendants' Motion to Dismiss, it did so without prejudice. That means CBD had—and by motion still may possess—the opportunity to file an Amended Complaint that alleges facts constituting minimum contacts with New Jersey by the Blue Ribbon Defendants and thus giving this Court the specific personal jurisdiction over these defendants that was not found in this Court's January 2019 Opinion. In briefing this Motion, the parties did not address the issue of whether CBD still could amend its Complaint. This point is significant because, as the Third Circuit recently reiterated, the general rule is that "a dismissal without prejudice and with leave to amend isn't a final order." *Weber*, 939 F. 3d at 237. However, the Third Circuit also recognized there have arisen many exceptions to this general rule. *Id.*

CBD argues the weight of authority is that one exception to that general rule is that courts routinely enter Rule 54 certifications in multidefendant cases where some but not all defendants are dismissed, as here, on personal-jurisdiction grounds. (ECF No. 46-1 at 7 (citing *Bush v. Adams*, 629 F. Supp. 2d at 472; *Freeplay Music*, 2005 WL 2464571, at *2; and *Animale Group*, 2007 WL 2010476 at *1 (S.D. Tex. July 5, 2007)).) In its Reply, CBD argued the Blue Ribbon Defendants

failed to cite even one case "finding that dismissal for personal jurisdiction was not 'final' for purposes of Rule 54." (ECF No. 48 at 3.)

The court must reconcile the proposition that Rule 54(b) certifications are routinely granted when a party is dismissed on personal jurisdiction grounds in a multiparty or multiclaim case with the guidance from the Supreme Court that Rule 54(b) certifications are to be "reserved for the infrequent harsh case," *Curtiss-Wright*, 100 S. Ct. at 1463, 446 U.S. at 5. The Court is persuaded that dismissal on personal-jurisdictional grounds is an exception to the Third Circuit's instruction that district courts are to be "conservative" in invoking Rule 54(b) "because if an aggrieved party appeals following the certification, the district court effectively will be electing to control the docket of a court of appeals." *Gerardi v. Pelullo*, 16 F. 3d at 1372. The Court is guided here by considerations of judicial efficiency, as "granting certification 'better serves judicial economy in the event of a reversal.'" *Grand River Enterprises*, 2004 WL 2480433, at *2. Therefore, the January 2019 Opinion and accompanying Order merits certification as a final judgment "because it is an ultimate disposition of the claims against the dismissed defendant in the court issuing the order." *Bush v. Adams*, 629 F. Supp. 2d at 472. Accordingly, the Court concludes the first prong of the *Curtiss-Wright* test has been met.

The second prong of the *Curtiss-Wright* test requires an inquiry into the question of whether there exists "no just reason for delay[ing]" CBD's opportunity to appeal the January 2019 Order.

The Blue Ribbon Defendants argue CBD cannot satisfy this prong because of the many delays already apparent in this litigation attributable to CBD. For instance, CBD first pursued individual defendants in state court, (ECF No. 1 ¶ 29), won a judgment in that state court lawsuit in January 2016, (*id.* ¶ 30), but waited until November 2017 to file an action in the Eastern District

13

of New York substantially similar to this action involving the appraisals by a Connecticut company on Connecticut properties, only to voluntarily dismiss that Eastern District of New York action in favor of filing a Complaint in the District of New Jersey in March 2018. (ECF No. 1; *see also* ECF No. 47 at 3, 8.) CBD also has not addressed the contention of the Blue Ribbon Defendants that CBD cannot with clean hands argue for "no just reason for delay" when it failed to file a Rule 54 Motion before filing its Notice of Appeal in February 2019. (ECF No. 47 at 4.) This Court observes CBD also failed to exhaust its remedies before this Court, such as filing a Motion to Amend the Complaint or a Motion for Reconsideration of the January 2019 Opinion and Order.

Nevertheless, the Blue Ribbon Defendants misdirect the focus of the "no just reason to delay" prong to CBD's actions to this point in the litigation instead of to the considerations this Court is obligated to observe, namely:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Berckeley*, 455 F.3d at 203 (quoting *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F. 2d 360, 364 (3d Cir. 1975) (abrogated on other grounds by *Curtiss-Wright*, 446 U.S. at 9)).

In applying the first factor, the Court agrees with CBD that because the Blue Ribbon Defendants no longer are parties to this litigation, no claims exist as to the Blue Ribbon Defendants. This prong thus weighs in favor of granting a Rule 54(b) certification.

The second factor also weighs in favor of granting the Motion because there is little possibility that the need for review of the January 2019 Order might be mooted by future

developments in this Court were the litigation to continue without the Blue Ribbon Defendant. In short, this Court has no reason now and sees no need in the future to review the claims against the Blue Ribbon Defendants.

The third factor also weighs in favor of Rule 54 certification because the January 2019 Opinion did not address the merits of CBD's claims against the Blue Ribbon Defendants. Rather, it determined the threshold issue of whether this Court had personal jurisdiction over the Blue Ribbon Defendants. In the event of a Third Circuit decision on that issue, consideration of personal jurisdiction issues would be fully resolved and thus would not reappear in this Court.

The fourth factor weighs in favor of granting the Motion because there is no issue about possible setoffs against any future judgment because the claims were dismissed as to the Blue Ribbon Defendants.

Finally, the Court concludes the miscellaneous factors listed in the fifth prong are not present in this litigation.

Because the Court is persuaded that the January 2019 Opinion and Order constitute a final judgment as to the Blue Ribbon Defendants and it has made an express determination that there is no just reason for delay, the Court concludes that CBD's Motion for a Certification of Appealability pursuant to Rule 54(b) is **GRANTED**. And, because the Court has granted the Motion for Certification, the Court need not consider the alternative Motion to Transfer. Accordingly, the Motion to Transfer is **DENIED** as moot.

**IV.    CONCLUSION**

For the reasons set forth above, CBD's Motion for a Certification of Appealability (ECF No. 46) is **GRANTED**, while the Motion to Transfer is **DENIED** as moot. An appropriate Order will follow.

**Date: March 31, 2020**  */s/ Brian R. Martinotti*  
**HON. BRIAN R. MARTINOTTI**  
**UNITED STATES DISTRICT JUDGE**