NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CBD & SONS, LTD., <br><br> Plaintiff, <br><br> v. <br><br> RICHARD SETTEDUCATI, SHORE LENDING GROUP, LLC, GMH MORTGAGE SERVICES, LLC, CHARLES A. LIBERTI, RAYMOND R. MILLER, SR., and BLUE RIBBON APPRAISALS, LLC, <br><br> Defendants. | Case No. 3:18-cv-04276 (BRM) (DEA) <br><br> OPINION |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is the Report and Recommendation ("R&R") of the Honorable Douglas L. Arpert, U.S.M.J., dated September 28, 2020 (ECF No. 73), recommending that Plaintiff CBD & Sons, Ltd's ("Plaintiff") Motion to Amend (ECF No. 66) be denied. Plaintiff objects to the R&R. (ECF No. 74.) Defendants Charles A. Liberti, Raymond R. Miller, Sr., and Blue Ribbon Appraisals, LLC (the "Blue Ribbon Defendants") responded to Plaintiff's objection. (ECF No. 77.) Thereafter, with permission from the Court (*see* ECF No. 80), Plaintiff filed a reply in further support of its objection to the R&R and to address Blue Ribbon Defendants' response. (ECF No. 82.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth herein and for good cause shown, the Court adopts Judge Arpert's R&R.

I. **BACKGROUND**

The Court previously summarized many of the factual allegations at issue in this matter and the Court assumes the parties' familiarity with those allegations. *See CBD & Sons, Ltd. v. Setteducati*, Civ. A. No. 3:18-4276, 2020 WL 1527955, at *1 (D.N.J. Mar. 31, 2020). The Court, therefore, only recounts those facts necessary to resolve the instant dispute.

On March 27, 2018, Plaintiff filed a Complaint against the Blue Ribbon Defendants, GMH Mortgage Services, LLC, Richard Setteducati, and Shore Lending Group, LLC, alleging, among other things, fraud, breach of fiduciary duty, unjust enrichment, breach of contract, and violation of the New Jersey Consumer Fraud Act arising out of appraisals "performed, prepared and completed for Plaintiff" by the Blue Ribbon Defendants. (*See* ECF No. 1 ¶ 1.)[1] Plaintiff also alleges Richard Setteducati, GMH Mortgage Services, LLC, and Shore Lending Group, LLC (the "GMH Defendants") "knowingly engaged in a systemic, planned and calculated fraud against" Plaintiff when they breached their fiduciary duties to Plaintiff. (*Id.* ¶ 2.) On June 4, 2018, the Blue Ribbon Defendants filed a Motion to Dismiss arguing the Court lacks personal jurisdiction over the Blue Ribbon Defendants and improper venue. (ECF No. 20.) Concurrently, the GMH Defendants filed a Motion to Dismiss asserting a lack of subject matter jurisdiction and failure to state a claim. (ECF No. 21.) On January 31, 2019, this Court (1) granted Blue Ribbon Defendants' Motion to Dismiss finding the Court did not have personal jurisdiction over the Blue Ribbon Defendants and improper venue because there was "no significant connection between the Blue Ribbon Defendants and New Jersey"; and (2) granted in part and denied in part the GMH

---

[1] This action was not originally filed in the District of New Jersey, but in the Eastern District of New York ("E.D.N.Y"). (*See* ECF No. 69 at 7.) Blue Ribbon Defendants moved to dismiss the action on a number of grounds, including improper venue, lack of personal jurisdiction, and statute of limitations. (*Id.*) Thereafter, Plaintiff voluntarily dismissed the E.D.N.Y action. (*Id.*)

Defendants' Motion to Dismiss. (*See* ECF Nos. 30–31, collectively, the "January 31 Opinion and Order".) As a result of the January 31 Opinion and Order, the only counts left were against the GMH Defendants. (*See* ECF No. 30 at 18.)

On August 19, 2019, Plaintiff filed a Motion for Certification of Appealability seeking leave to appeal the Court's January 31 Opinion and Order. (ECF No. 46.) On March 31, 2020, the Court granted Plaintiff's Motion for Certification, making the January 31 Opinion and Order, as it related to the Blue Ribbon Defendants, a final order ("March 31 Order"). (*See* ECF No. 50 at 2, "ORDERED that this Court's Order dated January 31, 2019 dismissing this action as to the Blue Ribbon Defendants is hereby CERTIFIED as a final judgment to allow an immediate appeal of the Court's determination that it lacked personal jurisdiction and that venue was improper" as to the Blue Ribbon Defendants.) On April 29, 2020, Plaintiff filed a Notice of Appeal. (ECF No. 52.) On June 12, 2020, Plaintiff filed a Motion to Amend/Correct the Verified Complaint ("Motion to Amend") to add the previously dismissed Blue Ribbon Defendants as parties to this action. (ECF No. 66.) Plaintiff added new factual allegations against the Blue Ribbon Defendants, as well as a fraud claim. (ECF No. 67 at 29.)[2] In support of the Motion to Amend, Plaintiff wrote:

> It is clear that there has been no delay, undue or otherwise, in [] brin[g]ing this Motion. The Verified Complaint in this case was filed on March 27, 2018. Both the GMH Defendants and the Blue Ribbon Defendants filed their own Motion to Dismiss the Verified Complaint on June 4, 2018. *See* Blue Ribbon Defendants' Motion to Dismiss, ECF Nos. 20–20-11; *see also* GMH Defendants' Motion to Dismiss, ECF Nos. 21–21-13. The Court did not decide the Motions to Dismiss until January 31, 2019, when it granted the Blue Ribbon Defendants' motion in its entirety and dismissed the Blue Ribbon Defendants from this action . . . .

(*Id.* at 18.)

---

[2] ECF No. 67 is Plaintiff's Memorandum of Law in Support of its Motion to Amend. (*See* ECF No. 67.)

Plaintiff further argued,

> This Motion is being filed only two months after the Court's most recent decision, within the time frame allowed by the Court and before any discovery has even taken place in this case. *See High 5 Games, LLC v. Marks*, 2018 WL 2134038, at *4 (D.N.J. May 9, 2018) (motion to amend granted and not considered unduly delayed when it "was b[r]ought relatively quickly . . . following Judge Vazquez giving Plaintiff express permission to file the current motion"). Therefore, it is clear that there has been no delay in bringing this Motion and certainly no undue delay which would cause the Defendants any prejudice . . . .

(*Id.* at 19.)

> Similarly, there is no bad faith or dilatory tactics present here. CBD is merely trying to hold all the Defendants responsible for their actions in one court, in order to preserve time and resources, and to promote judicial efficiency, which is a proper reason to grant a motion to amend. There is no denying that CBD has lawful claims against the Blue Ribbon Defendants and should be able to lodge those claims against them in the most efficient way possible. In *High 5 Games, LLC v. Marks*, the court stated, "[j]udicial efficiency and effective case management are matters that can be considered in deciding whether amendment should be allowed." . . . .

(*Id.* at 20–21.)

> Here, the proposed Verified Amended Complaint adds new factual allegations to support CBD's original claims and only adds one new cause of action. The new cause of action, fraud against the Blue Ribbon Defendants, is properly asserted and is certainly not a frivolous addition. The new cause of action flows from the same previously asserted facts and claims, and is well grounded in fact and pleaded appropriately. It is not a futile claim and the Defendants will not be able to show otherwise. Accordingly, since it is clear that it would not be futile to allow the Verified Amended Complaint to be filed, this Motion must be granted.

(*Id.* at 29–30.)

On September 17, 2020, Judge Arpert held oral argument on the Motion to Amend. (*See* ECF No. 72.) On September 28, 2020, Judge Arpert issued the R&R and recommended Plaintiff's Motion to Amend be denied. (ECF No. 73.) In the R&R, Judge Arpert wrote:

4

> The Court's Order [ECF No. 50] entered March 31, 2020, makes the dismissal Order [ECF No. 31] a final order as to the Blue Ribbon Defendants. As such, the Court should construe this Motion as a motion for relief under Rules 59 and 60. Plaintiff's Motion is not timely under Rule 59(e). Pursuant to Rule 6(b)(2), the Court cannot extend the deadline provided under Rule 59(e). Thus, Plaintiff cannot obtain relief pursuant to Rule 59.
>
> Rule 60 provides a party relief from a final order or judgment. Here, Plaintiff sought certification of the Court's Order [ECF No. 31] as final yet now seeks relief from the finality of that Order. Plaintiff cannot seek to be relieved from a final judgment which it moved to certify as final. Further, Plaintiff does not show extraordinary circumstances warranting relief under Rule 60. The parties have not engaged in discovery such that new information became available to Plaintiff that was not available before the Court's Orders [ECF Nos. 31 and 50] were entered. Plaintiff has not claimed mistake or inadvertence in omitting the new factual allegations and claim from its original Complaint. Most importantly, Judge Martinotti has already considered the information presented in the proposed VAC and rejected its sufficiency to establish personal jurisdiction over the Blue Ribbon Defendants. Plaintiff thus also completely ignored Judge Martinotti's finding concerning venue.
>
> Plaintiff brings new allegations of fraud against the Blue Ribbon Defendants but does not relate such claims to any argument under Rule 60. Subsections (b)(4) and (b)(5) of Rule 60 are inapplicable. Lastly, the Court construes a potential argument by Plaintiff under Rule 60(b)(6) that the other reasons that justify relief relate to its arguments under Rule 15. Even still, the Court finds that such reasons do not constitute extraordinary circumstances justifying relief from the Order which Plaintiff sought to make final . . . .

(*Id.* at 9–10.)

> The Blue Ribbon Defendants were dismissed from this action in an Order now certified as final. It is clearly prejudicial to Defendants to allow Plaintiff to be relieved from a judgment it sought to make final only to attempt to add back the same Defendants which were dismissed from this action on facts already considered and rejected by the Court as insufficient to establish personal jurisdiction over them. For this reason, Plaintiff's amendment is likely futile since the amendment likely fails to assert factual allegations that would overcome the deficiencies in the original Complaint. Finally, regardless of the fraud claim's viability, Plaintiff offers no explanation as to why it now seeks to bring[] this claim three years

5

> after litigation was commenced. Plaintiff asserted fraud claims against all other Defendants in this action and could have asserted such a claim against the Blue Ribbon Defendants much earlier in the course of this litigation.

(*Id.* at 11.)

On October 12, 2020, Plaintiff filed an objection to the R&R. (ECF No. 74.) On October 26, 2020, the Blue Ribbon Defendants filed a response to Plaintiff's objection. (ECF No. 77.) On October 26, 2020, Plaintiff requested permission from the Court to file a reply to the Blue Ribbon Defendants' response citing the need to address "material misstatements of the facts and law" in the response. (ECF No. 78.) On October 28, 2020, the Court granted Plaintiff's request (ECF No. 80), and on November 9, 2020, Plaintiff filed a reply (ECF No. 82).

## II. LEGAL STANDARD

Here, the applicable standard of review is complicated by the procedural posture of this matter. Specifically, because the Court previously dismissed all counts of the Complaint against the Blue Ribbon Defendants, and certified the dismissal by final order, Judge Arpert's denial of Plaintiff's Motion to Amend may have resulted in a complete dismissal of Plaintiff's claims with prejudice. *See Defalco v. Rutgers Univ. Police Dep't*, Civ. A. No. 156607, 2019 WL 2591031, at *3 (D.N.J. June 25, 2019). The Blue Ribbon Defendants advocate for a clear error standard (*see* ECF No. 77 at 8) and Plaintiff argues a *de novo* review is necessary (*see* ECF No. 74 at 6).

Local Civil Rule 72.1(c)(2) requires an objecting party to "serve on all parties written objections which shall ***specifically identify*** the portions of the proposed . . . recommendations or report to which objection is made and the basis of such objection." L.Civ.R. 72.1(c)(2) (emphasis added). The same rule requires the Court to "make a *de novo* determination of those portions to which objection is made" and the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." *Id.*; *accord* 28 U.S.C. § 636(b)(1);

6

Fed. R. Civ. P. 72(b)(3). The Advisory Committee Notes to Federal Rule of Civil Procedure 72 states, "[w]hen no timely objection is filed, the court need only satisfy itself that there is *no clear error* on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 (emphasis added).

"Motions to amend are usually considered non-dispositive motions." *Thomas v. Ford Motor Co.*, 137 F. Supp. 2d 575, 579 (D.N.J. 2001). The Federal Magistrates Act of 1968 ("FMA") provides that a District Court reviewing a Magistrate Judge's decision on a non-dispositive motion may reverse a Magistrate Judge's determination only if it is "clearly erroneous or contrary to law." *Id.* (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L.Civ.R. 72.1(c)(1)). When a Magistrate Judge's decision on a non-dispositive motion reaches legal conclusions, those legal conclusions are subject to a *de novo* review. *Id.* "The FMA requires a District Court to review a Magistrate Judge's report and recommendation *de novo*." *Id.* (citing 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); L.Civ.R. 72.1(c)(2)).

In *Kenny v. United States*, the Third Circuit stated it had not previously resolved the precise issue of "whether a motion to amend that in practice results in dismissal is a dispositive motion." 489 F. App'x 628, 630 n.2 (3d Cir. 2012). The *Kenny* court did not resolve the issue because resolution was unnecessary for the Third Circuit to reach its final decision. *Id.* More recently, in *Patel v. Meridian Health Systems, Inc.*, the Third Circuit held that a Magistrate Judge's denial of a motion to amend was non-dispositive. 666 F. App'x 133, 135–36 (3d Cir. 2016). The Third Circuit cited the FMA and the fact that a motion to amend is not among the FMA's list of eight motions specifically excluded from the authority of a magistrate judge. *Id.*

When a plaintiff files a timely objection, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations

7

to which objection is made." 28 U.S.C. § 636(b)(1). Where the objection is "not timely . . . or not specific[,]" a *de novo* determination is not required. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984) (citations omitted) (concluding that the "plaintiff's objections lacked the specificity necessary to trigger *de novo* review"); *accord Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Where the party's objections are general, a complete *de novo* determination would undermine the efficiency the magistrate system was meant to contribute to the judicial process. *Goney*, 749 F.2d at 7.

The Third Circuit has advised that while the FMA "may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, . . . the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "The authority—and the responsibility—to make an informed, final determination . . . remains with the judge." *Id.* (quoting *Mathews v. Weber*, 423 U.S. 261, 271 (1976)); *see Defalco*, 2019 WL 2591031, at *3–4.

Because the Court finds Plaintiff's objection to the R&R timely and not devoid of the necessary specificity to trigger a *de novo* review, and because Judge Arpert's R&R may have the effect of dismissing Plaintiff's claims against the Blue Ribbon Defendants with prejudice, the Court reviews the R&R *de novo*.

### III. DECISION

In objecting to the R&R, Plaintiff repeats the same arguments made in support of the Motion to Amend. (*See generally* ECF No. 74.) Plaintiff argues "[f]irst and foremost," Plaintiff's "**Motion to Amend was brought timely**, contrary to what the Magistrate Judge writes in the Report and Recommendation." (ECF No. 74 at 7.) Plaintiff contends because of the "COVID-19 pandemic, the District Court of New Jersey issued a Standing Order extending the time for the filing of motions. This Court has already affirmed that Standing Order 20-04 extended the deadline

for filing a Rule 59 motion," therefore, Plaintiff's "filing of the Motion to Amend on June 12, 2020, was timely." (*Id.*)[3] Plaintiff also argues the Blue Ribbon Defendants "will not be prejudiced by the filing of the Verified Amended Complaint," because there was "no undue delay in bringing the Motion, and the proposed amendments are not brought in bad faith or with dilatory tactics, and are certainly not futile." (*Id.* at 12.)

In his R&R, Judge Arpert addressed these same arguments. According to Judge Arpert, because the Court's March 31 Order made the January 31, 2020 Opinion and Order entered against the Blue Ribbon Defendants a final order, the Motion to Amend should be construed as a motion for relief under Rules 59 and 60. (ECF No. 73 at 9–10.) Judge Arpert concluded Plaintiff's Motion to Amend was "not timely under Rule 59(e)," which provides that the time to move "is short—28 days from entry of the judgment, **with no possibility of an extension**." (*Id.* at 3) (emphasis added) (citing *Banister v. Davis*, 140 S. Ct. 1698, 1703(2020)).[4] Therefore, while the 28-day period for filing expired on April 28, 2020, Plaintiff did not file the Motion to Amend until June 12, 2020 – seventy-three days after the March 31 Order. (*Id.* at 10.) Critically, Judge Arpert also found,

> Plaintiff cannot seek to be relieved from a final judgment which it moved to certify as final . . . . Plaintiff does not show extraordinary circumstances warranting relief under Rule 60. The parties have not engaged in discovery such that new information became available to Plaintiff that was not available before the Court's Orders [ECF Nos. 31 and 50] were entered. Plaintiff has not claimed mistake or inadvertence in omitting the new factual allegations and claim[s] from its original Complaint. **Most importantly, Judge Martinotti**

---

[3] To be sure, Plaintiff maintains that its Motion to Amend was timely filed under Rule 59(e). (*See* ECF No. 70 at 4.) The Court's March 31 Order started the 28-day clock under Rule 59(e). Plaintiff argues that the Rule 59(e) deadline, therefore, was April 28, 2020. (*Id.* at 5.) However, Plaintiff contends that Standing Order 2020-04 extended that deadline to June 12, 2020. Plaintiff filed the Motion to Amend on June 12, 2020, and argues the motion was timely filed. (*Id.*)

[4] Judge Arpert acknowledged that while "Rule 6(b) generally governs when the Court may, for good cause shown, grant an extension," "Rule 6(b)(2) specifically provides that '[a] court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).' Fed. R. Civ. P. 6(b)(2)." (ECF No. 73 at 3.)

9

> *has already considered the information presented in the proposed VAC and rejected its sufficiency to establish personal jurisdiction over the Blue Ribbon Defendants. Plaintiff thus also completely ignored Judge Martinotti's finding concerning venue.*

(*Id.* at 10) (emphasis added).

Indeed, according to Judge Arpert, **even if** the Motion to Amend were deemed timely, Plaintiff still is not entitled to the amendment because Plaintiff fails to identify any new evidence or arguments which were learned of by Plaintiff after the entry of judgment of the March 31 Order which would permit the Court to alter or amend the judgment Plaintiff previously demanded. (*See generally* ECF No. 66.) Additionally, Judge Arpert concluded the amendment would prejudice the Blue Ribbon Defendants who were dismissed from this action by final order: according to Judge Arpert, it would be "clearly prejudicial," to allow Plaintiff "to be relieved from judgment it sought to make final only to attempt to add back the same Defendants which were dismissed from this action on facts already considered and rejected by the Court as insufficient to establish personal jurisdiction over them." (ECF No. 73 at 11.) Further, Plaintiff's amendment is futile because "the amendment likely fails to assert factual allegations that would overcome the deficiencies in the original Complaint." (*Id.*) Finally,

> regardless of the fraud claim's viability, Plaintiff offers no explanation as to why it now seeks to bring[] this claim three years after litigation was commenced. Plaintiff asserted fraud claims against all other Defendants in this action and could have asserted such a claim against the Blue Ribbon Defendants much earlier in the course of this litigation.

(*Id.*)

Viewing the Motion to Amend overall, Judge Arpert concluded "Plaintiff's amendment is untimely, unfairly prejudicial to the Blue Ribbon Defendants, and likely futile," further finding that "Plaintiff unduly delayed asserting a claim for fraud after three years of litigation." (*Id.* at 12.)

This Court's *de novo* review leads the Court to the same conclusion as Judge Arpert, specifically, the Motion to Amend is untimely, unfairly prejudicial, futile, and unduly delayed.

IV.   **CONCLUSION**

For the reasons set forth above, this Court hereby adopts the R&R as to its findings of fact and conclusions of law. An appropriate order follows.

Dated: June 23, 2021

*/s/ Brian R. Martinotti*
**BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**
